UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAVON LOVOWE RAMSEY,

Plaintiff,

v.

Z. LUJAN, et al.,

Defendants.

No. 2:24-cv-3682 CSK P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Defendants' fully briefed motion to revoke plaintiff's in forma pauperis status is before the Court. (ECF No. 19) For the reasons stated below, the Court recommends that defendants' motion be denied.

I. THREE STRIKES RULE

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit demonstrating that the person is unable to pay such fees. However, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

>   facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. "It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017). "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." Harris v. Harris, 935 F.3d 670, 673 (2019); see also Ray v. Lara, 31 F.4th 692, 697 (9th Cir. 2022).

An inmate who accrues three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a

nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray, 31 F.4th at 695.

II. PLAINTIFF'S PRIOR FILINGS

Defendants contend that plaintiff has sustained at least four strikes before filing the instant lawsuit. (ECF No. 19 at 6-9.)

A. Ramsey v. Cal. Dept. of Corr. and Rehab., No. 4:21-cv-05047-JSW (N.D. Cal.)

Initially, defendants contend Ramsey v. Cal. Dept. of Corr. and Rehab., No. 21-cv-05047-JSW (N.D. Cal. July 8, 2021), constitutes a strike because it was dismissed for failure to state a claim on July 8, 2021, and point to the Northern District Court's statements:

> Plaintiff [did] not state a claim upon which relief may be granted because Defendants [were] immune from Plaintiff's civil claims. While Plaintiff has a constitutional right to be free from deliberate indifference to his safety, there is no constitutional right to incarceration at a particular institution.

(ECF No. 19 at 6 (citing ECF No. 10).) Judgment was entered the same day. (Id. (ECF No. 11).)

Plaintiff counters that the motion to revoke his in forma pauperis status based on this case was denied by the Court of Appeals for the Ninth Circuit. (ECF No. 25 (citing Ramsey v. Cal. Dept. of Corr. and Rehab., No. 23-2465 (9th Cir. Dec. 21, 2023).) Indeed, the Ninth Circuit denied the motion to revoke stating:

> The motion to revoke appellant's in forma pauperis status (Docket Entry No. 15) is denied because appellees have not demonstrated that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g); see e.g. Ramsey v. Cal. Dept. Corr. and Rehab., No. 4:21-cv-05047-JSW (N.D. Cal. July 8, 2021) (dismissed in part for lack of standing); Hoffmann v. Pulido, 928 F.3d 1147, 1152 (9th Cir. 2019) ("Because a dismissal for lack of standing is a dismissal for lack of subject-matter jurisdiction, the case as a whole was not dismissed on the grounds enumerated in § 1915(g)."; see also Ramsey v. Cal. Dept. Corr. and Rehab., No. 4:20-cv-06560-JSW (N.D. Cal. Oct. 14, 2020) (dismissed as duplicative, not explicitly on enumerated grounds); Andrews v. King, 398 F.3d 1113, 1116 (9th Cir. 2003) ("[W]hen the defendant challenges a prisoner's right to proceed IFP, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's IFP status.").

Ramsey v. Cal. Dept. of Corr. and Rehab., No. 23-2465 (9th Cir.) (ECF No. 16). In reply, defendants counter that the Ninth Circuit's decision is not binding precedent, but state that upon

further research, they concede that Ramsey v. Cal. Dept. of Corr. and Rehab., No. 4:21-cv-05047-JSW, does not constitute a strike as it was dismissed in part for lack of standing. (ECF No. 31 at 6.) Thus, Ramsey v. Cal. Dept. of Corr. and Rehab., No. 4:21-cv-05047-JSW does not constitute a strike.

B. Ramsey v. Cal. Dept. of Corr. and Rehab., No. 2:20-cv-01359 TLN CKD (E.D. Cal.)

Defendants contend Ramsey v. Cal. Dept. of Corr. and Rehab., No. 2:20-cv-01359 TLN CKD (E.D. Cal. Dec. 7, 2020), counts as a strike because the district court found that plaintiff's failure to exhaust was clear from the face of the complaint, which is a dismissal for failure to state a claim. (ECF No. 19 at 7.) Plaintiff does not address No. 2:20-cv-01359 TLN CKD in his opposition. (ECF No. 25.) The district court in No. 2:20-cv-01359 TLN CKD found that plaintiff's failure to exhaust administrative remedies was clear from the face of plaintiff's complaint. (ECF No. 19-1 at 12.) No. 2:20-cv-01359 TLN CKD was dismissed on December 7, 2020, before this action was filed, and has not been overturned. (Id. at 15-16, 18.) Thus, plaintiff's No. 2:20-cv-01359 TLN CKD case constitutes a strike under § 1915(g). See El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) (complaint may be subject to dismissal for failure to state a claim where failure to exhaust is clear from the face of the complaint).

C. Ramsey v. Cal. Dept. of Corr. and Rehab., No. 4:20-cv-05889-JSW (N.D. Cal.)

Defendants argue that Ramsey v. Cal. Dept. of Corr. and Rehab., No. 4:20-cv-05889-JSW (N.D. Cal. Oct. 14, 2020), also counts as a strike because the district court found that plaintiff's failure to exhaust was clear from the face of the complaint which is a dismissal for failure to state a claim. (ECF No. 19 at 7-8.) Plaintiff does not address No. 4:20-cv-05889-JSW in his opposition. (ECF No. 25.) The district court found that plaintiff's failure to exhaust administrative remedies was clear from the face of plaintiff's complaint. (ECF No. 19-1 at 22.) The case was dismissed on October 14, 2020, before this action was filed, and has not been overturned. (Id. at 24, 26-27.) Thus, plaintiff's No. 4:20-cv-05889-JSW case constitutes a strike under § 1915(g). See El-Shaddai, 833 F.3d at 1044 (complaint may be subject to dismissal for failure to state a claim where failure to exhaust is clear from the face of the complaint)

///

D. Ramsey v. Cal. Dept. of Corr. and Rehab., No. 4:20-cv-06560-RMI (N.D. Cal.)

Defendants contend that Ramsey v. Cal. Dept. of Corr. and Rehab., No. 4:20-cv-06560-RMI (N.D. Cal. Oct. 14, 2020) counts as a strike for two reasons. (ECF No. 19 at 8.) First, the complaint is a strike because plaintiff accrued a strike when a case was dismissed for the lack of exhaustion, which was clear from the face of the complaint. (Id. (citing El-Shaddai, 833 F.3d at 1044).) Second, because the district court dismissed the case as duplicative, defendants argue that a duplicative action is "frivolous and malicious" and therefore is a strike under § 1915(g). (ECF Nos. 19 at 8-9, 31 at 7.) Plaintiff did not address No. 4:20-cv-06560-RMI in his opposition. (ECF No. 25.)

In dismissing No. 4:20-cv-06560-RMI, the district court stated:

> Plaintiff, a California prisoner proceeding pro se, filed these civil rights case under 42 U.S.C. § 1983, which have a different iteration of the same complaint. Both cases were transferred to this district from the Eastern District of California. In the Eastern District, Plaintiff filed an original complaint in what became Case No. C 20-6560 RMI, which was dismissed leave to amend. Instead of filing an amended complaint in that case, however, Plaintiff filed a whole new case, which became Case No. C 20-5889 JSW. The Court finds the two cases RELATED and directs the Clerk to REASSIGN Case No. C 20-6560 RMI to the undersigned judge. As there is no need to have two cases involving the same claims and subject matter, moreover, Case No. C6560, which has the earlier-version of Plaintiff's complaint, is DISMISSED.

(ECF No. 19-1 at 21.) The district court then screened the complaint in No. 4:20-cv-05889-JSW, and determined dismissal was appropriate given that the lack of exhaustion was clear from the face of the complaint in No. 4:20-cv-05889-JSW. (Id. at 22.)

The October 14, 2020 order makes clear that the district court did not dismiss No. 4:20-cv-06560-RMI based on lack of exhaustion. (Id. at 21.) Rather, the court dismissed the action as duplicative. (Id.) Therefore, this Court must address whether a dismissal as duplicative constitutes a strike under § 1915(g).

This Court disagrees with defendants that a dismissal of a complaint as duplicative constitutes a strike under § 1915(g). Indeed, in ruling on the motion to revoke plaintiff's in forma pauperis status on appeal, the Ninth Circuit stated it did not: "Ramsey v. Cal. Dept. Corr. and Rehab., No. 4:20-cv-06560-JSW (N.D. Cal. Oct. 14, 2020) (dismissed as duplicative, not

explicitly on enumerated grounds)." Ramsey, No. 23-2465 (9th Cir.) (ECF No. 16). As noted above, "if a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." Harris v. Harris, 935 F.3d at 673; see also Ray, 31 F.4th at 697.

In the reply, defendants claim that in Kroncke v. City of Phoenix, 606 F. App'x 382, 384 (9th Cir. 2015), the Ninth Circuit "affirmed the district court's imposition of a strike for action dismissed as duplicative." (ECF No. 31 at 7.) However, the district court in Kroncke did not dismiss the action as duplicative, but rather dismissed Kroncke's first amended complaint and the action "for failure to state a claim." Kroncke v. City of Phoenix, No. 13-cv-0456-PHX-ROS (BSB) (D. Ariz. March 6, 2014) (ECF No. 13 at 14:15-16).[1] On June 30, 2015, after finding the district court properly dismissed Kroncke's claims, the Ninth Circuit denied Kroncke's "motion to remove a strike, set forth in his opening brief."[2] Id. (ECF No. 14-1 at 5).

Moreover, review of plaintiff's pleading in 4:20-cv-06560-RMI reflects that plaintiff's pleading is marked "First Amended Complaint." No. 4:20-cv-06560-RMI (ECF 1 at 1.) Plaintiff's handwritten first amended complaint did not include a case number; instead, it was opened as a new action in the Eastern District of California, and the No. 2:20-cv-1605 EFB was added (typewritten) before the case was transferred to the Northern District of California. Plaintiff should have included the case number for the case he was attempting to amend. But if the August 11, 2020 "First Amended Complaint" had been assigned the case number 2:20-cv-0327 DMC (E.D. Cal.), in which plaintiff was ordered on July 21, 2020, to file an amended complaint, there would not have been a duplicative filing.

For all these reasons, this Court finds that 4:20-cv-06560-RMI does not constitute a strike

---

[1] The district court in Kroncke did note that "an in forma pauperis complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendant, is subject to dismissal as duplicative and frivolous," but the district court expressly dismissed Count Six "for the same reason it [was] dismissing Count One." No. 13-cv-0456-PHX-ROS (BSB) (ECF No. 13 at 12:1). In Count One, the district court found Kroncke's allegations were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), were vague and conclusory, and failed to state a claim. Id. (ECF No. 13 at 6-7).

[2] In the opening brief on appeal, Kroncke asked the Ninth Circuit "to remove the strike imposed," referencing Docket No. 13. Kroncke, No. 14-15618 (ECF No. 9 at 45.)

under § 1915(g).

III. CONCLUSION

The Court finds that plaintiff has accrued only two strikes under § 1915(g):

1) Ramsey v. Cal. Dept. of Corr. and Rehab., No. 2:20-cv-01359 TLN CKD (E.D. Cal. Dec. 7, 2020); and

2) Ramsey v. Cal. Dept. of Corr. and Rehab., No. 4:20-cv-05889-JSW (N.D. Cal. Oct. 14, 2020).

Because plaintiff has not accrued three strikes under § 1915(g), defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 19) should be denied.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

Further, IT IS RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 19) should be denied; and

2. This action be referred back to the undersigned for further proceedings

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 21, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/rams3682.mtd.1915g